IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT C. BLEVINS                                                                                    PLAINTIFF

v.                                            CIVIL NO. 19-3019

ANDREW M. SAUL, Commissioner
Social Security Administration                                                            DEFENDANT

### **MEMORANDUM OPINION**

Plaintiff, Robert C. Blevins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for SSI on August 20, 2014, alleging an inability to work due to a broken neck multiple times, morbid obesity, back problems, anxiety, and depression.  (Tr. 170).  An administrative hearing was held on January 7, 2016, at which Plaintiff appeared with counsel and testified.  (Tr. 37-71).

In a written decision dated February 29, 2016, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations.  (Tr. 19-31). The Appeals Council declined review of the ALJ's decision on March 22, 2017. (Tr. 1-7).

Plaintiff appealed the ALJ's decision to this Court.  In a decision dated October 20, 2017, this Court granted Defendant's motion and remanded the case back to the

1

Commissioner for further consideration.  (Tr. 825-827).  The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on January 10, 2018.  (Tr. 831-835). A supplemental administrative hearing was held on September 11, 2018.  (Tr. 764-794).  Plaintiff appeared with counsel and testified.

By written decision dated December 18, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 742).  Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disk disease, obesity, diabetes mellitus, a seizure disorder and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 742).  The ALJ found Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 416.967(a) except that he must use a cane to ambulate.  He cannot climb ropes, ladders and scaffolds and can have no exposure to hazards, including unprotected heights, moving machinery and operating moving vehicles.  He can occasionally balance, crawl, kneel, stoop, crouch and climb stairs and ramps.  The claimant can occasionally reach overhead with the bilateral upper extremities.  In addition, the claimant is limited to performing simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed, and he can respond to supervision this is simple, direct and concrete.

(Tr. 745).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a circuit board assembler and a document preparer.  (Tr. 755).

Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 19th day of May 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE